Owen J. KILBANE; Robert J. Allen, Plaintiffs–Appellants,

v.

John KINKELA, et al., Defendants–Appellees.

No. 01–3104.

United States Court of Appeals, Sixth Circuit.

Aug. 7, 2001.

Before CLAY and GILMAN, Circuit Judges; WISEMAN, District Judge.[*]

### ORDER

Owen J. Kilbane and Robert J. Allen, pro se Ohio prisoners, appeal a district court judgment dismissing their civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

■ Kilbane is currently serving a sentence of 15 years to life in prison which was imposed after his 1976 conviction for aggravated murder. He was denied parole in 1998 and was given a ten-year continuance until his next parole hearing in 2008. Allen was convicted in 1980 of aggravated murder and aggravated robbery and is serving an aggregate sentence of 15 years to life in prison. He was denied parole in 2000 and was given a continuance until 2009. Following the denial of parole, Kilbane and Allen filed the instant suit against several members of the Ohio Adult Parole Authority. The plaintiffs asserted that the application of the 1998 parole guidelines to their parole evaluations violated the Ex Post Facto Clause by increasing the punishment attached to their crimes. See Ohio Admin. Code § 5120:1–1–10 and § 5120:1–1–20.

Upon initial consideration, the district court sua sponte dismissed the complaint pursuant to 28 U.S.C. § 1915A for failure to state a claim, and this appeal followed.

■ This court reviews de novo a district court judgment dismissing a complaint pursuant to § 1915A for failure to state a claim. McGore v. Wrigglesworth 114 F.3d 601, 604 (6th Cir.1997); Wright v. MetroHealth Med. Ctr., 58 F.3d 1130, 1138 (6th Cir.1995).

■ We conclude that the district court properly dismissed the complaint. The Ex Post Facto Clause prohibits any law which increases the punishment for a crime, or which produces a sufficient risk of increasing the punishment for a crime, beyond that prescribed when the crime was committed. California Dep't of Corr. v. Morales, 514 U.S. 499, 504 and 509, 115 S.Ct. 1597, 131 L.Ed.2d 588 (1995); Shabazz v. Gabry, 123 F.3d 909, 913 (6th Cir.

[*] The Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

1997) (§ 1983 action challenging Michigan parole regulations). The Ex Post Facto Clause does not, however, bar every legislative change which bears a conceivable risk of affecting punishment. *Morales,* 514 U.S. at 508.

The Ohio regulations by their own terms do not show a significant risk of increased punishment for prisoners generally. *See Garner v. Jones,* 529 U.S. 244, 120 S.Ct. 1362, 1370, 146 L.Ed.2d 236 (2000) (applying *Morales* to Georgia parole regulations in § 1983 action). In the past, this court has found that Ohio parole officials have complete discretion in deciding whether an Ohio inmate will be paroled, *Inmates of Orient Corr. Inst. v. Ohio St. Adult Parole Auth.,* 929 F.2d 233, 236 (6th Cir.1991), and the plaintiffs point to no change in the law negatively restricting this discretion. Furthermore, the plaintiffs merely presented conclusory allegations and provided no evidence that the new guidelines have diminished the possibility of release for persons like themselves who have been convicted of aggravated murder and are serving indeterminate sentences of fifteen years to life. *See Garner,* 120 S.Ct. at 1370.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.